**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| ERIC WARE-MUSTAPHA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 22-cv-02874-SHM-tmp |
| | ) | |
| OFFICER DIXON, ET. AL, | ) | |
| | ) | |
| Defendants. | ) | |

---

**ORDER VACATING ORDER THAT GRANTED LEAVE TO PROCEED *IN FORMA PAUPERIS* (ECF NO. 13);**
**DISMISSING THE COMPLAINT (ECF NO. 1) PURSUANT TO 28 U.S.C. § 1915(g);**
**AND DENYING ALL PENDING MOTIONS (ECF NOS. 7, 8 & 10)**

---

On December 22, 2022, Plaintiff Eric Ware-Mustapha, who is assigned Federal Bureau of Prisons (the "BOP") inmate registration number 64609-509, filed a *pro se* civil complaint. (ECF No. 1.)  When Ware-Mustapha filed his complaint, he was confined at the Federal Correctional Institute in Memphis, Tennessee (the "FCI-Memphis"). (ECF No. 1 at PageID 1.)  Ware-Mustapha is now confined at the United States Penitentiary Thomson (the "USP-Thomson), in Thomson, Illinois.  (*See* https://www.bop.gov/locations/institutions/tom/ (last accessed June 2, 2023).)  On February 13, 2023, the Court granted leave to proceed *in forma pauperis*.  (ECF No. 13 (the "IFP Order").)

On January 11, 2023, Ware-Mustapha filed a motion to supplement the complaint.  (ECF No. 7.)  On January 25, 2023, he filed a motion for appointment of counsel.  (ECF No. 8.)  On May 26, 2023, he filed a notice of filing petition for writ of mandamus with the United States Court of Appeals for the Sixth Circuit.  On May 30, 2023, he filed a motion for expedited ruling on the case.

Ware-Mustapha is a three-strike filer under § 1915(g) of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq*. (the "PLRA").  When (a) the United States District Court for the Northern District of Illinois (the "Northern District") assessed strikes against Ware-Mustapha on July 25, 2007 and March 5, 2008 pursuant to 28 U.S.C. § 1915(g) and (b) the United States District Court for the Central District of Illinois (the "Central District") assessed a third strike against Ware-Mustapha on March 31, 2009, Ware-Mustapha was using the surname "Ware."  Ware changed his surname to Ware-Mustapha after the third strike was assessed against him on March 31, 2009.  For that reason, his status as a three-strike filer was not readily apparent.  After the entry of the IFP Order, the Court's review of Ware-Mustapha's litigation history demonstrated his status as a three-strike filer under § 1915(g).  The Court's IFP Order (ECF No. 13) is VACATED.

Under the PLRA, a prisoner bringing a civil action must pay the full civil filing fee.  The PLRA merely provides the prisoner the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments.  *Id*. § 1915(b)(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997) ("[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan.  Prisoners are no longer entitled to a waiver of fees and costs"), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

Not all indigent prisoners are entitled to take advantage of the installment payment provisions of § 1915(b).  Section 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"Such a litigant cannot use the period payment benefits of § 1915(b).  Instead, he must make full

payment of the filing fee before his action may proceed." *In re Alea*, 286 F.3d 378, 380 (6th Cir. 2002).  The Sixth Circuit has upheld the constitutionality of this provision.  *Wilson v. Yaklich*, 148 F.3d 596, 602-06 (6th Cir. 1998).  To satisfy the imminent danger exception, a prisoner must allege that a threat or prison condition is "real and proximate and the danger of serious physical injury must exist at the time the complaint is filed."  *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (internal quotation marks omitted).

Ware-Mustapha has filed three (3) previous civil actions in federal court that were dismissed for failure to state a claim or as frivolous:

(1)    In *Ware v. Bank One/Chase Bank,* Case No. 07–cv–3964 (N.D. Ill. Jul. 25, 2007), Ware alleged a claim of conversion under § 1983 against (1) Bank One / Chase Bank and (2) Ware's sister.  Ware was a prisoner of the State of Illinois when he filed the complaint.  The Northern District: (a) dismissed Ware's claim for failure to state a claim to relief because Ware was not suing a state actor; and (b) assessed Ware's first strike pursuant to 28 U.S.C. § 1915(g). *See* Case No. 07–cv–3964 (N.D. Ill.), ECF No. 7 at PageID 11-12.

(2)    In *Ware v. Chi. Police Dep't,* Case No. 07–cv–6645 (N.D. Ill. Mar. 5, 2008), Ware alleged claims under § 1983 that, *inter alia*: (1) the Chicago Police Department refused to allow Ware to file a police report against an individual who stole checks; (2) the Cook County Clerk's Office refused to file three (3) motions by Ware; and (3) the Cook County State Attorney's Office refused to investigate Ware's claims of check theft and forgery.  The Northern District: (a) dismissed Ware's complaint because: (i) a police department is not a suable entity under § 1983; (ii) the Cook County Clerk's Office is not a suable entity under § 1983; and (iii) private citizens like Ware lack a judicially cognizable interest in the prosecution or non-prosecution of other people; and (b) assessed Ware's second strike under § 1915(g).  *See* Case No. 07–cv–6645 (N.D. Ill.), ECF No. 6 at PageID 11-13.

(3)     In *Ware v. Randolph*, No. 07-3013, 2009 WL 927499, at *1 (C.D. Ill. Mar. 31, 2009), Ware sued under § 1983 for deliberate indifference to alleged skin conditions he suffered while incarcerated at the Illinois River Correctional Center. *Id.* at *1. The Central District granted the defendants' motion for summary judgment. *Id.* ("Mr. Ware's condition of dermatitis was not a serious medical need … [T]here was no evidence to indicate that he was at a substantial risk of serious harm"); *see also Ware v. Randolph*, No. 07-2013, 2008 WL 4412117, at *1 (C.D. Ill. Sept. 24, 2008) ("[T]he plaintiff does not suffer from a serious medical need … Unfortunately, the plaintiff appears to suffer from an acne-type of condition on his back and some other sort of dermatitis on his head which has not cleared up as quickly as the plaintiff would like … As the plaintiff is not at substantial risk of harm, there can be no deliberate indifference in this case"). The Central District treated the dismissal of Ware's claim as a strike. *See id.* Ware appealed. *Id.* The Central District denied leave to proceed *in forma pauperis* on appeal because "[Ware] has, on three or more prior occasions, brought an action or appeal that was dismissed on the grounds that it was frivolous or failed to state a claim upon which relief may be granted." *Id.* at *2.

Ware-Mustapha's claims in Case Nos. 07–cv–3964, 07–cv–6645, and 07-3013 (collectively, the "Three Strike Cases") were properly dismissed because his claims were frivolous, malicious, or failed to state a claim upon which relief may be granted.

Ware-Mustapha may not file any further action in which he proceeds *in forma pauperis* unless he first demonstrates that he is under imminent danger of serious physical injury. The assessment of whether a prisoner is in imminent danger is made at the time the complaint is filed. *See*, *e.g.*, *Vandiver v. Vasbinder*, 416 F. App'x 560, 561-62 (6th Cir. 2011); *Rittner*, 290 F. App'x at 797-98.

The complaint asserts three (3) claims:

(1) Ware-Mustapha alleges that he had "a serious medical issue with his kidneys" when he arrived at the FCI-Memphis on September 8, 2022 (the "Kidney

Condition"). (ECF No. 1 at PageID 3-4 & 9.) He alleges that the Kidney Condition required him to consume a "non[]-meat diet." (*Id.*)

Ware-Mustapha alleges that Defendants Dixon, Claxton, and Harvey, who are kitchen supervisors at the FCI-Memphis, "knowingly and intentionally order[]" expired "non[]-meat products … as a cheaper way to feed Plaintiff and his fellow prisoners." (*Id.* at PageID 3, 4 & 5.) Ware-Mustapha alleges that the challenged food orders "compel … the Plaintiff … to survive off small amount[s] of vegetables and meat products." (*Id.* at PageID 3, 5 & 6 (the "Food Conditions Of Confinement Claim")).

(2) Ware-Mustapha alleges that: (a) Claxton and Harvey "fail to train and supervise subordinates to properly order wholesome foods" (*id.* at PageID 5-6); and (b) FCI-Memphis Warden Bowers "has a broad policy and custom of allowing a d[y]sfunctional grievance procedure" because he "failed to train and supervise his staff to timely respond to grievances or properly review them." (*Id.* at PageID 10 (collectively, the "Failure To Train Claim")); and

(3) Ware-Mustapha alleges that Warden Bowers and Dr. Gill of the FCI-Memphis deprived Ware-Mustapha of medical care (the "Deprivation Of Medical Care Claim") for:
(a) "a golf ball size tumor in his right breast and one developing in his left breast" (the "Alleged Tumor") (*id.* at PageID 7-8);
(b) acid reflux symptoms (the "Reflux Symptoms") (*id.* at PageID 8-9);
(c) "a serious back problem" (the "Back Problem") (*id.* at PageID 9); and
(d) "bulk issues" (the "Bulk Problem") (*id.* at PageID 9.)

Ware-Mustapha sues: (1) Kitchen Supervisor Officer Dixon; (2) Kitchen Supervisor Officer Claxton; (3) Kitchen Supervisor Officer Harvey; (4) Dr. Gill; and (5) Warden Bowers, in their individual capacities. (*Id.* at PageID 1-2.) Ware-Mustapha seeks:

(1) five hundred thousand dollars ($500,000.00) in "damages";

(2) five hundred thousand dollars ($500,000.00) in "punitive damages";

(3) injunctive relief to: (a) enjoin the Defendants' purchase of "spoiled, rotten, or expired food"; (b) compel Dr. Gill and Warden Bowers "to immediately treat Plaintiff for his medical conditions"; (c) compel Warden Bowers "to fix or install an adequate grievance procedure"; and (d) "turn this complaint over to proper authorities to audit and investigate food money appropriations"; and

(4) a declaration that: (a) "it is unlawful to purchase [or] order foods that are contaminated or expired; (b) "the grievance procedure is flawed"; (c) "it takes more than one doctor to adequately serve twelve hundred prisoners"; and (d) "Plaintiff shall not be transferred in order to moot the requested relief."

5

(*Id*. at PageID 11-12.)

The complaint does not allege that Ware-Mustapha is in imminent danger of serious physical injury as a result of the Defendants' actions alleged in the complaint.

First, Ware-Mustapha's speculation that he "may have kidney failure and have to be placed on dialysis" (ECF No. 1 at PageID 5) does not demonstrate imminent danger of serious physical injury. His generalized allegations about the Kidney Condition are "too conclusory to permit the Court to conclude that he is in imminent danger of suffering any serious physical injury [and] do[] not demonstrate a sufficiently serious medical condition." *See, e.g.*, *Jones v. Mack*, No. 18-0518, 2019 WL 1811056, at *4 (S.D. Ala. Apr. 3, 2019). "[C]onclusory allegations" -- such as Ware-Mustapha's conclusion that he has "a serious medical issue with his kidneys" (ECF No. 1 at PageID 4) -- "are simply inadequate to invoke the § 1915(g) exception." *See Jones*, 2019 WL 1811056, at *4 (citing cases). "[A] prisoner's report of self-diagnosis is insufficient to show a serious medical need." *West v. Warren Cnty. Sheriff Dep't*, No. 4:16-cv-07, 2016 WL 3014674, at *1 (E.D. Tenn. May 24, 2016) (citing *Gee v. Pacheco*, 627 F.3d 1178, 1192 (10th Cir. 2010); *Kayser v. Caspari*, 16 F.3d 280, 281 (8th Cir. 1994) (holding that prisoner's 'self-diagnosis alone cannot establish that he does, in fact, suffer from kidney stones'); *Braziel v. Wilson*, No. 1:11-CV-119, 2011 WL 6026508, at *3 (E.D. Tenn. Dec. 5, 2011) (finding that a prisoner's self-diagnosis fails to show a serious medical need)). Ware-Mustapha received medical attention in June 2022 for the Kidney Condition. (ECF No. 1 at PageID 9.) He is dissatisfied that Dr. Gill did not provide medical care beyond the June 2022 instructions to avoid meat products. (*See id*.) "[A] prisoner's report of a self-diagnosed need for additional treatment is insufficient to show a serious medical need." *Wilson v. Lawson*, No. 2:14-cv-147, 2017 WL 2704114, at *3 (E.D. Tenn. June 22, 2017). Ware-Mustapha's allegation that the Kidney Condition "has become worse" (ECF No.

1 at PageID 9) does not change this conclusion.  *See Jones*, 2019 WL 1811056, at *4 (finding that the plaintiff's allegation "that he is getting sicker each day … are vague[,] speculative[,] [and] simply inadequate"); *see also Ramirez v. Muinoz*, No. 2:19-cv-0309, 2019 WL 1789455, at *3 (E.D. Cal. Apr. 24, 2019) ("the vague allegation that his kidney deteriorated is insufficient to show he had a serious medical need or establish that he suffered an injury that is attributable to [defendants'] actions").

Second, Ware-Mustapha's self-diagnosis of the "condition with his right and left breast" (ECF No. 1 at PageID 7) as a "tumor" (*id.*) does not allege facts demonstrating he was in imminent danger of serious physical injury when he filed the complaint.  *See, e.g., Gee*, 627 F.3d at 1192 (prisoner's allegation that the jail physician refused to treat the prisoner's "tumors" was insufficient to demonstrate a serious medical need, absent supporting factual allegations).  Ware-Mustapha's speculative worry that, "[i]f his issues with the tumors are cancerous, a delay in medical attention will allow it to spread drastically" (ECF No. 1 at PageID 7-8) does not satisfy § 1915(g)'s requirement of imminent danger.  *See, e.g., Godfrey v. Russell*, No. 7:14-cv-0476, 2015 WL 5657037, at *1 (W.D. Va. Sept. 24, 2015) (the plaintiff's "speculative worries about … undiscovered tumors, without any facts in support, are not sufficient to [demonstrate] [a] serious medical need").

Third, Ware-Mustapha alleges that he suffers a common ailment -- back pain.  (*See* ECF No. 1 at PageID 9.)  That does not present an imminent danger of serious physical injury for purposes of § 1915(g).  "While severe back pain can constitute a serious condition, plaintiff's allegations about his 'back problems' do not rise to the level of a serious condition."  *See Flemming v. Velardi*, No. 02-civ-4113, 2003 WL 21756108, at *2 (S.D.N.Y. July 30, 2003) (citing cases).  Ware-Mustapha does not allege that his "serious back problem" is so severe or debilitating as to constitute imminent danger of serious physical injury.

Fourth, acid reflux (ECF No. 1 at PageID 9) is a common problem and does not present imminent danger of serious physical injury.  *See, e.g., Tennyson v. Raemisch*, 638 F. App'x 685, 689 (10th Cir. 2015); *Williamson v. Bolton*, No. 3:18-CV-529-CHB, 2019 WL 96306, at *5 (W.D. Ky. Jan. 3, 2019); *Watson-El v. Wilson*, No. 08-CV-7036, 2010 WL 3732127, at *13 (N.D. Ill. Sept. 15, 2010); *Fox v. Rodgers*, No. 08-CV-14727, 2010 WL 2605940, at *3 (E.D. Mich. June 8, 2010).  Ware-Mustapha alleges no facts to the contrary.  Ware-Mustapha concedes that he could have purchased acid reflux medication through the FCI-Memphis commissary at the time he filed the complaint.  (ECF No. 1 at PageID 8.)

Fifth, the Court construes Ware-Mustapha's allegations about "bulk issues" (ECF No. 1 at PageID 9) as an allegation that he suffered constipation.  Numerous courts have found that constipation, without evidence of serious harm, does not constitute a medical need that is sufficiently serious.  *See*, *e.g.*, *Tafari v. Weinstock,* No. 07 CV 0693, 2010 WL 3420424, at * 7 (W.D.N.Y. Aug. 27, 2010); *Moy v. Evans,* No. 06-272, 2007 WL 315088, at *2 (S.D. Ill. Jan. 31, 2007); *Webb v. McKnight,* No. 7:06-cv-00734, 2006 WL 3761382, at *2 (W.D. Va. Dec. 20, 2006); and *Ross v. McGinnis,* No. 00-CV-0275, 2004 WL 1125177, at *10 (W.D.N.Y. Mar. 29, 2004).

Ware-Mustapha's complaint does not come within the exception to 28 U.S.C. § 1915(g).[1] His motion to supplement the complaint (ECF No. 7) seeks to "demand[] a trial by jury on all issues."  (*Id*. at PageID 33.)  The motion to supplement does not change the Court's conclusion about Ware-Mustapha's failure to demonstrate imminent danger of serious physical injury.

---

[1]  Ware-Mustapha's claims for injunctive and declaratory relief are, in any event, moot. "[A] prisoner plaintiff's release from custody generally renders requests for injunctive relief regarding his former confinement moot."  *Davis v. Parker*, No. 1:17-cv-0082, 2018 WL 2189751, at *2 (M.D. Tenn. Apr. 17, 2018) (citing *Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010)). "Any [injunctive] relief [that] could have been granted" in the case is moot because Tipton is no longer confined at the HCJ.  *See Quinn v. W. Mental Health Institute*, No. 14-1140, 2015 WL 541980, at *3 (W.D. Tenn. Feb. 10, 2015).  Ware-Mustapha's release from the FCI-Memphis (*see* https://www.bop.gov/locations/institutions/tom/ (last accessed June 1, 2023)) has "eradicated the effects of the alleged [constitutional] violation."  *Quinn*, 2015 WL 541980, at *3

The complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE.  The Court will re-open this case on a motion that (1) shall be filed by Ware-Mustapha WITHIN TWENTY-EIGHT (28) DAYS and (2) is accompanied by the FULL $402 CIVIL FILING FEE.  The Court warns Ware-Mustapha that if he fails to timely comply, this case will be dismissed with prejudice and judgment entered without further notice.  All pending motions (ECF Nos. 7, 8 & 10) are DENIED.

IT IS SO ORDERED, this 6th day of June, 2023.

   /s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE